UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

08 JAN 16 AM 10:22   '08 MJ 0118

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Magistrate Case No. _____ |
| Plaintiff, ) | |
| ) | COMPLAINT FOR VIOLATION OF |
| v. ) | |
| ) | Title 8, U.S.C., Section 1326 |
| Edgar MAYORGA-Arrecis ) | Attempted Entry After |
| AKA: Edward MAYOREA-Ramirez ) | Deportation |
| AKA: Raul MENDOZA-Gomez ) | |
| ) | |
| Defendant. ) | |

The undersigned complainant being duly sworn states:

On or about **January 14, 2008**, within the Southern District of California, defendant **Edgar MAYORGA-Arrecis AKA: Edward MAYOREA-Ramirez AKA: Raul MENDOZA-Gomez**, an alien, who previously had been excluded, deported and removed from the United States to **Guatemala**, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **San Ysidro Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Sara M. Esparagoza, U.S. Customs
and Border Protection Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE THIS 16th DAY OF JANUARY, 2008.

UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

On **January 14, 2008** at approximately 7:34 PM, **Edgar MAYORGA-Arrecis AKA: Edward MAYOREA-Ramirez AKA: Raul MENDOZA-Gomez (Defendant)** made application for admission into the United States at the San Ysidro Port of Entry as a passenger in a 2007 Chevrolet Malibu. Driving the vehicle was Luis Rodolfo Villelas who presented his U.S. Passport and gave a negative customs declaration to the primary Customs and Border Protection (CBP) Officer. Three U.S. citizen minors were also in the vehicle. Defendant was sitting in the back seat and appeared to be asleep. The CBP Officer obtained his attention and requested Defendant's entry documents. Defendant pulled his wallet out, scanned it and then returned it to his pocket without taking anything out. During this time, the passengers were asking the CBP Officer questions. The CBP Officer re-directed his attention to the Defendant and reminded him that he was still waiting for the entry documents. Defendant was asked if he had a passport, a visa or a Permanent Resident (I-551) Card. Defendant acknowledged he had a Permanent Resident Card. Defendant took his wallet out again and handed the CBP Officer a Checks Cashing identification. Upon request for an I-551 card, Defendant informed the CBP Officer that he did not have his Permanent Resident Card on him. The CBP Officer asked Defendant where he was going and the Defendant advised him that he was going to Pasadena, California. During his inspection, the CBP Officer felt that the Defendant was evasive and avoiding eye contact. The CBP Officer suspected the Defendant was not a Permanent Resident and elected to escort the vehicle to secondary for a more thorough inspection.

In secondary, it was discovered that Defendant was not a Lawful Permanent Resident of the United States. Defendant's fingerprints were obtained and queried utilizing the Integrated Automated Fingerprint Identification System (IAFIS) verifying Defendant's identity and criminal record. Defendant was also identified as a criminal alien previously removed from the United States. Defendant was referred to the Prosecution Unit for further processing.

Defendant was advised of his Miranda rights and agreed to submit to questioning without the benefit of counsel. A videotaped interview was obtained with the following declaration: Defendant declared to be a citizen of Guatemala by birth in Guatemala City, Guatemala who has no entitlement to entry, passage or residency in the U.S. Defendant declared he has been formally removed from the United States and acknowledged he has not applied for nor received authorization to re-enter the United States. Defendant said he was attempting illegal entry into the U.S. in an effort to re-establish residency and was destined to Pasadena, California.

Queries using the Immigration Central Index System (CIS) and the Deportable Alien Control System (DACS) confirmed Defendant to be a citizen of Guatemala with no legal documents to enter the United States. DACS indicates that on or about June 7, 1994 an Immigration Judge ordered Defendant deported from the United States and was subsequently removed to Guatemala on or about June 11, 1994. DACS further shows Defendant was last removed from the United States to Guatemala on or about October 2, 2007. Immigration service records contain no evidence that Defendant has applied for, nor received permission from the Attorney General of the United States, or his designated successor, the Secretary of the Department of Homeland Security to legally re-enter the United States.